UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IAN SCHLEIFER, | |
|                *Plaintiff*, | Civ. Case No. 17-cv-1649(BMC) |
| -v- | |
| KITTEE BERNS, | |
|                *Defendant*. | Honorable Brian M. Cogan, U.S.D.J. |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

JOSEPH D. NOHAVICKA
*Attorneys for the Plaintiff*
35-10 Broadway Suite 201
Astoria, NY 11106
Tel.: (718) 777 0400/Fax.: (718) 777 0599
jdn@pnlawyers.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................ii

INTRODUCTION................................................................................................................1

PERTINENT FACTS & PROCEDURAL HISTORY.......................................................1

ARGUMENT........................................................................................................................2

    I. PLAINTIFF HAS SUFFICIENTLY PLED VALID CLAIMS UPON WHICH
    RELIEF MAY BE GRANTED......................................................................................2

    **A.** <u>The Plaintiff has stated a viable claim for Copyright Infringement</u>......................3

        *1.    The contents infringed upon are protectable............................................4*

        *2.    There is substantial similarity between the Infringed Work and "Teff
            Love" sufficient to support denial to deny the motion to dismiss..............5*

    II. <u>PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF AND MONETARY
    DAMAGES FOR BOOK PROFITS</u>..........................................................................6

    III. <u>DEFENDANT SHOULD NOT BE AWARDED ATTORNEYS FEES</u>..................6

    IV. <u>SANCTIONS ARE NOT WARRANTED UNDER 28 U.S.C. § 1927</u>....................6

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES
**Cases**                                                                                                                     **Pages**

*Albright v. Oliver,* 510 U.S. 266, 267, 114 S. Ct. 807, 810 (1994)..................................................2

*Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99 (1957).........................................................................2

*Walsh v. McGee,* 918 F.Supp. 107 (S.D.N.Y. 1996).......................................................................2

*Gershon v. Wal-Mart Stores, Inc.,* 901 F.Supp. 128 (S.D.N.Y.1995)..............................................2

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57 (2d Cir. 2010)..............2,3

*New Alliance Party v. New York State Bd. of Elections,* 861 F.Supp. 282 (S.D.N.Y.1994)........2

*Greene v. Ablon,* 914 F. Supp. 2d 110, 114 (D. Mass. 2012), aff'd, 794 F.3d 133 (1st Cir. 2015).................................................................................................................................................3

*Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991)..................................................................................................................2

*Johnson v. Gordon,* 409 F.3d 12, 18 (1st Cir. 2005)........................................................................4

*Concrete Mach. Co. v. Classic Lawn Ornaments,* 843 F.2d 600, 607 (1st Cir.1988).................4

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007)......................................................................................................................................................4

*Ashcroft v. Iqbal,* 556 U.S. 662 (U.S.,2009)....................................................................................4

*Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc.,* 367 F.2d 236, 242 (9th Cir.1966)......5

*Ariel(UK) Ltd. v. Reuters Grp. PLC,* 05 Civ. 9646(JFK), 2007 WL 194683, at *2 (S.D.N.Y. Jan. 24, 2007). .................................................................................................................................6

*Sakon v. Andreo,* 119 F.3d 109, 114 (2d Cir. 1997).........................................................................6

**Rules and Statutes**                                                                                                        **Pages**
FRCP 12(b)(6).........................................................................................................................................2
17 U.S.C.A. §502(a)..............................................................................................................................5
ii

# INTRODUCTION

Plaintiff, Ian Schleifer (hereinafter "Plaintiff"), submits this Memorandum of Law in Opposition to Defendant Kittee Berns's Motion to Dismiss this action, dated May 19, 2017. Plaintiff brings a copyright infringement action for the cookbook entitled Ethiopian Inspired Cooking, *Vegetarian Specialties* authored by Plaintiff, against the Defendant, author of "Teff Love: *Adventures in Vegan Ethiopian Cooking*" The Defendant has infringed on Plaintiff's copyright, which is protected by United States Copyright Law. Further, Plaintiff's work was misappropriated with no attribution or accreditation to Plaintiff by Defendant. The core issues to be determined at this juncture of litigation are as follows: 1) whether the infringed work was protected by copyright law 2) whether Plaintiff's work was *original for* copyright purposes 3) whether the works were substantially similar. For the reasons explained below, these questions should be answered in the affirmative.

# PERTINENT FACTS

In 2007, Plaintiff published the first Ethiopian, vegetarian cookbook entitled Ethiopian-inspired cooking, *Vegetarian Specialties* (hereinafter "First Edition"). The registration number for the copyright of Plaintiff's cookbook is TX 8-281-274. In 2016, Plaintiff published his second edition cookbook (hereinafter "Second Edition") bearing the registration number TX 6-250-394 (hereinafter collectively referred to as "Infringed Work"). Plaintiff's 2007 cookbook was published for sale and was widely available on Amazon in both print and digital forms (Comp. ¶ 11). In 2015, the Defendant published the cookbook Teff Love: *Adventures in Ethiopian Cooking* (hereinafter referred to as "Teff Love"). Teff Love bears multiple similarities to the Plaintiffs work, including but not limited to similar description and phrasing of various recipes included in the parties' respective cookbooks.

# ARGUMENT

## I. PLAINTIFF HAS SUFFICIENTLY PLED VALID CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the facts as pled and may dismiss only if it is concluded that no legal basis exists upon which plaintiff can prevail. *Albright v. Oliver,* 510 U.S. 266, 267, 114 S. Ct. 807, 810 (1994); *Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99 (1957), *Ashcroft v. Iqbal,* 556 U.S. 662 (U.S.,2009). *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007).

Generally, 12(b)(6) motions to dismiss for failure to state a claim are disfavored and rarely granted. *Walsh v. McGee,* 918 F.Supp. 107 (S.D.N.Y. 1996). Such motions do not purport to assess the weight of the evidence offered by a plaintiff. *Gershon v. Wal-Mart Stores, Inc.,* 901 F.Supp. 128 (S.D.N.Y.1995) (A district court's function in determining a 12(b)(6) motion is to assess the legal feasibility of complaint). "[A] motion to dismiss does not involve consideration of whether 'a plaintiff will ultimately prevail' on the merits, but instead solely 'whether the claimant is entitled to offer evidence' in support of his claims."*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57 (2d Cir. 2010). Thus, the court must limit its analysis to facts in the complaint, read the complaint generously, and draw all reasonable inferences in favor of pleader. *New Alliance Party v. New York State Bd. of Elections,* 861 F.Supp. 282 (S.D.N.Y. 1994).

### A. The Plaintiff has stated a viable claim for Copyright Infringement.

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991)

There is no question of fact here that Plaintiff holds copyright registration in both his "first edition" and "second edition" cookbooks that have been infringed on. It may be found by the Court that "the defendant may infringe on the plaintiff's work not only through literal copying of a portion of it, but also by parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art---the excerpting, modifying, ...--- are considered in relation to one another." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010). Defendant's book was published in 2015 and Plaintiff's work was published thereafter. However, Plaintiff's First Edition and Second Edition are identical in content notwithstanding certain grammatical upgrades, a preface, and the addition of colored photos. Thus, the same material that Defendant infringed upon was in fact public and available in the 2007, First Edition, and 2016, Second Edition.

### 1. *The contents infringed upon are protectable.*

The Infringed Work which has registered copyrights both in 2007 and 2016 are protectable because they are not factual content, rather they are original expression to engage the mind as to the flavors, textures, methods and practice of the art of Ethiopian cuisine. "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. [T]he requisite level of creativity is extremely low; even a slight amount will suffice." *Greene v. Ablon*, 914 F. Supp. 2d 110, 114 (D. Mass. 2012), aff'd, 794 F.3d 133 (1st Cir. 2015) (quoting *Feist*, 499 U.S. at 345, 111 S.Ct. 1282). Pursuant to paragraph 5 of the Complaint, all contents copied by Defendant are original expressions made by Plaintiff relating to the tastes and descriptions of Ethiopian cooking and food. The descriptions used by Plaintiff in the Infringed Work are his own take a description

of the different flavors and methods of cooking the food.

### 2. *There is substantial similarity between the Infringed Work and the <u>Teff Love</u> sufficient to support the denial of Defendants Motion to Dismiss.*

Under the substantial similarity test, it should be concluded the Defendant's work would be substantially similar to the work of the Plaintiff which has been copyrighted if to the ordinary person, it would be recognized that the defendant copied the plaintiff's protectable original expression. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010). *See also, Concrete Mach. Co. v. Classic Lawn Ornaments*, 843 F.2d 600, 607 (1st Cir.1988)."[T]he plaintiff may satisfy his obligation indirectly by adducing evidence that the alleged infringer enjoyed access to the copyrighted work and that a sufficient degree of similarity exists between the copyrighted work and the allegedly infringing work to give rise to an inference of actual copying." *Johnson v. Gordon*, 409 F.3d 12, 18 (1st Cir. 2005). It is clear by a simple search on Amazon.com or Google.com that Defendant had access to the Plaintiffs work prior to the publishing and registration of *Teff Love*. Considering Plaintiffs First Edition was copyrighted in 2007, and was readily available on the internet and printed form, Defendant had unfettered access to the Infringed Work.

Here, it is abundantly clear that Defendant used the same descriptions and phrases as did Plaintiff in his work which was published and available to the public nearly 10 years prior. In an interview conducted of the Defendant she stated that in preparing for her book, she read other cookbooks to gain some knowledge on the topic of Ethiopian Vegan Cooking. (*See* https://www.pdxmonthly.com/articles/2015/1/26/explore-ethiopian-eats-with-i-teff-love-i-january-2015). However, until *Teff Love* was published Plaintiff was the only person, up until the time Defendants book came out, to publish an Ethiopian Vegan Cookbook. Defendant also wrote in *Papa Tofu Loves Ethiopian Food*, "Everything I know about Ethiopian Food

6

I've learned from...reading through recipes." (*See* Papa Tofu Loves Ethiopian Food, *pg. 10*, "*everything i know*"). Plaintiff has provided ample evidence to support a finding that there is a colorable cause of action for infringement of Plaintiffs work. In light of the obvious similarities in conjunction with Defendants ample opportunity and unfettered access to Plaintiff's work, and Defendant admitted reliance on Plaintiff's cookbook during the drafting of *Teff Love*, Plaintiff has surpassed the applicable "substantial similarity" standard. Thus, Defendants motion to dismiss should be denied.

## II. **PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF AND MONETARY DAMAGES FOR BOOK PROFITS**

For the reasons set forth above, Plaintiff has demonstrated an entitlement to injunctive relief and monetary damages as Plaintiff has registered copyright on Infringed Works. "Upon prevailing in a statutory copyright infringement action, the plaintiff may obtain, in addition to a monetary recovery, a permanent injunction restraining further infringement, pursuant to Sec. 101(a) of the Copyright Act. Such injunctive relief ordinarily will not be granted when there is no probability or threat of continuing or additional infringements." *Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc.*, 367 F.2d 236, 242 (9th Cir.1966). Here, there is reason to believe that *Teff Love* will continue to be published and sold, furthering the infringement on Plaintiff's work. Continuation of the publication of *Teff Love* will cause irreparable harm to Plaintiff and his works thereby warranting the granting of injunction. To the extent that a court has jurisdiction over a matter it may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C.A. §502(a). Furthermore, monetary damages to the extent Defendant benefitted from infringing on Plaintiffs work should be granted and awarded to the Plaintiff

for his original, copyright protected work. Here, Defendant benefitted at the expense of Plaintiff as she used his works to profit off the publication of *Teff Love*. Plaintiff's Detriment is evident by the sizeable decrease of purchases of Plaintiff's publication coinciding with the timing of the publication of *Teff Love*.

### III. DEFENDANT SHOULD NOT BE AWARDED ATTORNEYS FEES

In the event that Defendant prevails on their motion, Defendant, nevertheless, should **not** be awarded attorney's fees because Plaintiff wholeheartedly believes this lawsuit has merit and is not made in bad faith. Plaintiff has a good faith belief that Defendant infringed on Plaintiff's publications and continues to do so after registration of copyright has been obtained. "In the copyright context, the Courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Ariel(UK) Ltd. v. Reuters Grp. PLC*, 05 Civ. 9646(JFK), 2007 WL 194683, at *2 (S.D.N.Y. Jan. 24, 2007). For all the reasons set forth above, the claims asserted have both factual and legal basis for a valid copyright infringement claim to which injunctive relief and monetary damages can be awarded.

### IV. SANCTIONS ARE NOT WARRANTED UNDER 18 U.S.C. § 1927

"[I]mposition of sanctions under Section 1927 is appropriate only when there is a finding of conduct constituting or akin to bad faith." *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997) (internal quotation omitted. Plaintiff's claim, as discussed above, was made in a good faith belief that Defendant has infringed, and continues to infringe upon Plaintiff's works after they had been published and copyrighted. As shown, there are substantial similarities between the works, enough for a colorable complaint with at least 10 allegations of copyright

infringement. Thus, the drastic relief of sanctions requested by Defendants is patently improper in the instant matter and should be denied.

## CONCLUSION

This Court is respectfully requested to enter an order dismissing Defendant's motion in its entirety, as the content infringed upon by Defendant is protected by copyright. Further, the argument postured by Defendant is limited in that Defendant argues that the work is not copied, only that Plaintiff's cookbooks not protectable. Plaintiff has sufficiently proven its initial burden of a cause of action to enforce copyright protection. For these reasons Plaintiff has sufficiently pled causes of action upon which relief can be granted.

Dated: Astoria, New York
      June 28, 2017

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By: _____
JOSEPH D. NOHAVICKA
*Attorneys for the Plaintiff*
35-10 Broadway Suite 201
Astoria, NY 11106
Tel.: (718) 777 0400/Fax.: (718) 777 0599
jdn@pnlawyers.com