UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IAN SCHLEIFER,

                Plaintiff,

-against-

KITTEE BERNS,

                Defendant.

**MEMORANDUM DECISION AND ORDER**

17 Civ. 1649 (BMC)

**COGAN**, District Judge.

    Plaintiff brought this copyright infringement action alleging that defendant's Ethiopian cookbook violated the copyright that plaintiff possesses for his own previously-published Ethiopian cookbook. Defendant moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for attorney's fees and sanctions, both of which I granted. See Schleifer v. Berns, No. 17 CIV. 1649, 2017 WL 3084406, at *1 (E.D.N.Y. July 19, 2017). I found the latter award of fees warranted under the Copyright Act, 17 U.S.C. § 505, because plaintiff had pursued factual and legal contentions that were either frivolous or objectively unreasonable, and the latter award of sanctions warranted because counsel's lack of investigation, research, and attention to this matter based on these manifest deficiencies rose to a level of bad faith that warranted sanctions. I therefore ordered that plaintiff and his firm be jointly and severally liable for the attorney's fees defendant incurred in connection with her defense of this case. I had not assessed the amount of the award, as I had no briefing or evidence on the matter, so I ordered defendant to submit her itemization of costs and her contemporaneous time and billing records for defending this action.

    Defendant filed her motion, including an itemization of costs, seeking $29,365 in attorney's fees and $316.15 in reimbursable costs. As part of his opposition to defendant's

motion, plaintiff moved for reconsideration, asking this Court to reconsider the assessment of attorney's fees and sanctions, or in the alternative, to reduce the amount of fees and sanctions. For the reasons that follow, plaintiff's motion for reconsideration is denied, but plaintiff's alternative motion for a reduction in fees is granted, and defendant's motion for fees is granted in part.

**DISCUSSION**

Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 59(e), which permits the Court to "alter or amend a judgment to correct a clear error of law or prevent manifest injustice;" having considered the arguments, this motion is denied. Reconsideration "is generally not favored," and a court may properly grant it "only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). A court will not grant a motion for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Moreover, a party may not use a motion for reconsideration to "relitigate an issue already decided" by advancing novel arguments that could have been raised previously. Id.; see also Kalamas v. Consumer Solutions REO, LLC, 09-CV-5045, 2011 WL 6026303, at *1 (E.D.N.Y. Nov. 30, 2011) (holding that reconsideration should not be granted where the moving party "seeks to introduce additional facts not in the record on the original motion" or "advances new arguments or issues that could have been raised on the original motion"); Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by

2

the Court."). Simply put, motions for reconsideration are not vehicles for "taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal citation omitted).

Plaintiff's argument regarding the objective unreasonableness of plaintiff's claim is essentially "a second bite at the apple" that asks the Court for an opportunity to relitigate the issue. I therefore reject this argument. As to the additional arguments regarding plaintiff's motivation, the "chilling effect of attorney's fee awards," and the absence of misconduct by plaintiff, the former two should have been raised as part of plaintiff's opposition to defendant's first motion for fees and sanctions, and the Court need not consider arguments that could have been, but were not, previously raised. As to the latter, plaintiff misunderstands Kerin v. U.S. Postal Service, 218 F.3d 185, 190 (2d Cir. 2000), and Sierra Club v. United States Army Corps of Engineers, 776 F.2d 383, 390 (2d Cir. 1985), which required conjunctive meritlessness and bad faith as to the award of sanctions under the Court's inherent authority. This Court did find both meritlessness and bad faith on the part of plaintiff's counsel when awarding sanctions, not as to plaintiff himself. As to plaintiff himself, the basis for fees was the Copyright Act, which imposes no such conjunctive requirement.

Plaintiff's arguments regarding the propriety of this Court's assessment of sanctions against plaintiff's counsel under the Court's inherent authority are also nothing more than an attempt to relitigate the issue with contentions that should have been raised previously. Plaintiff's counsel had the opportunity to make these arguments, but counsel failed to devote more than a few lines to the motion for sanctions.

In any event, nothing in plaintiff's arguments changes the Court's determination regarding the propriety of sanctions against counsel. Even a layperson, like plaintiff, should

have known that there was no basis for this complaint. If his attorneys told him otherwise, that is between him and them. Moreover, to the extent an award of attorneys' fees chills parties and their attorneys from bringing cases like this one, it ought to. The deterrence of litigation with no objective basis is one reason why the Copyright Act allows recovery of attorneys' fees. See Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1986 (2016). For these reasons, plaintiff's motion for reconsideration as to the assessment of attorney's fees and sanctions is denied.

In determining the amount to be awarded, the Court continues to be guided by the overarching purposes of the Copyright Act, that is, compensation and deterrence. See Matthew Bender & Co. v. W. Pub. Co., 240 F.3d 116, 122 (2d Cir. 2001) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19 (1994)). In determining a reasonable attorney's fee award, district courts use a "lodestar" calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," to reach a "presumptively reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The test is whether the plaintiff "spen[t] the minimum necessary to litigate the case effectively." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted). The Second Circuit has made clear that district courts should "be guided by the traditional criteria in determining a reasonable . . . fee, including: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000) (internal quotation marks and ellipsis omitted).

Keeping these factors in mind, the Court finds that defendant's request for $29,365 in attorney's fees is excessive. Although plaintiff concedes and the Court recognizes the reasonableness of defense counsel's hourly rate of $350, given their resumes and experience with these sorts of cases, the number of hours expended – 83.9 hours – is too many in light of the weakness of plaintiff's case and counsel's experience with copyright cases.

First, it seems inherently excessive and redundant that defendant expended 6.5 hours drafting the pre-motion conference letter in anticipation of the motion to dismiss, 33.7 hours on the motion to dismiss itself, and then 19 hours on the reply brief, for a total of 59.2 hours. The minimum necessary hours to have effectively litigated the motion to dismiss in this case cannot be nearly 60 hours when the case was so patently deficient. In fact, the research necessary to draft the pre-motion conference letter should certainly have transferred to the motion to dismiss and reply. With much of the legwork already done in light of the pre-motion conference letter, the motion itself should not have taken more than 10 to 15 hours. Moreover, even though plaintiff filed an amended complaint after defendant filed her motion to dismiss, the changes to the amended complaint were so minimal that the Court in fact saw no need to reinitiate motion practice.[1] Accordingly, the application for 19 collective hours on the reply is excessive.

It is well-settled that a court should not compensate counsel for hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Here, a

---

[1] In an ECF Order, dated June 14, 2017, the Court ordered the following:

> The amendments plaintiff has made to his complaint are responsive to the argument in defendant's motion to dismiss relating to plaintiff's failure to reference the second edition, but they are not responsive to much else in the motion. Therefore, although the amended complaint is a pleading to which a responsive filing is required, defendant need not resubmit her motion to dismiss. The Court deems defendant's motion to dismiss the complaint at [ECF No. 14] to be defendant's motion to dismiss the amended complaint. Therefore, plaintiff's opposition is due 6/28/2017 and defendant's reply is due 7/5/2017. Defendant, to the extent she feels it necessary, may include arguments regarding the amendments in her reply.

reasonable number of hours to have spent on the pre-motion conference letter, motion to dismiss, and reply is no more than 25 hours, especially in light of the duplication of arguments and the reliance on many of the same cases across all of the filings.

It is similarly unreasonable that counsel spent 3.5 hours conducting a "Preliminary Case and Pleadings Review," when the complaint was only seven pages. Nor is it clear from the itemization which portions of time were preliminary "case review" and which were "pleadings review." Because the itemization fails to apprise the Court properly of where the time was spent, the Court will not allow fees for this task. Nor will the Court permit fees for 1.2 hours of "Court Correspondence," as the only court correspondence on the docket (apart from the pre-motion conference letters) is a barely one-page letter asking the Court to adjourn the initial status conference.

The Court will, however, award fees for defense counsel's communications with their client, among themselves, and with plaintiff's counsel, for a total of 6.3 hours. The Court also has no idea from where in the itemization the .5 hours of "General Research" comes, and without more, counsel has no entitlement to payment for this task. The same is true for counsel's billing of .5 hours under "Miscellaneous."

The final category of billing relates to defendant's fee application to this Court, which totaled 12 hours. Half of the application is a general recitation of counsel's qualifications and a description of their firm and cases, and counsel's declarations (which largely duplicate parts of this aspect of the letter). The remainder of the fee request includes the print-outs of the itemizations and billing records, counsel's resumes, defendant's own declaration, and her documented expenses, all of which would have (or certainly should have) been collated and put together by support staff. Accordingly, 12 hours of attorney time for the fee request letter is

excessive in light of what is new or tailored in the fee request letter-motion. A reasonable amount of time spent on such a request is six hours.

Thus, based on the itemization of costs, the Court finds an appropriate award to be 37.3 hours of work at a rate of $350 per hour, for a total of $13,055 plus the requested $316.15 in reimbursable costs, which I find reasonable. The total award of attorney's fees and sanctions, to be paid jointly and severally by plaintiff and his counsel, is therefore $13,371.15. Not only does this figure represent a reasonable calculation of the number of hours that was minimally necessary in light of the weakness of plaintiff's case, but also, it does not disproportionally punish plaintiff and his counsel.

These reductions are further supported by consideration of plaintiff's financial position, which "may be a factor considered in determining the magnitude of an award once it has been resolved that such an award is appropriate." Penguin Books US.A., Inc. v. New Christian Church of Full Endeavor, Ltd., No. 96 Civ. 4126, 2004 WL 728878, at *6 (S.D.N.Y. Apr. 6, 2004); accord Contractual Obligation Prods., LLC v. AMC Networks, Inc., 546 F. Supp. 2d 120, 132 (S.D.N.Y. 2008) ("Courts assessing attorney's fee applications in copyright actions may consider the relative financial strengths of the parties in determining whether an award of fees is appropriate."); Leibovitz v. Paramount Pictures Corp., No. 94 Civ. 9144, 2000 WL 1010830, at *5 (S.D.N.Y. July 21, 2000) ("Courts addressing fee applications [in the context of a copyright action] have considered the relative financial strength of the parties" in determining whether an award of attorney's fees is appropriate.). Here, plaintiff is the sole earner in his family, supporting his wife and infant daughter.

However, his financial situation does not support vacating the award of attorney's fees and costs. The legal underpinnings for those holdings are based in statute and Supreme Court

precedent: Costs and fees under the Copyright Act should be awarded in such a way that "encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." Kirtsaeng, 136 S. Ct. at 1986.

## CONCLUSION

Defendant's motion for attorney's fees [29] and plaintiff's motion for a reduction in fees [30] are both granted in part and denied in part. Plaintiff Ian Schleifer and his attorneys are jointly and severally liable for $13,371.15 attorneys' fees and costs. The fees and cost are to be paid to defendant's counsel within thirty days, failing which judgment shall enter.

**SO ORDERED.**

                                                              U.S.D.J.

Dated:    Brooklyn, New York
             September 8, 2017